Rex S. JACKSON, Plaintiff—Appellant,

v.

ADFORCE, LLC, et al., Defendants—Appellees.

No. 01–17471.
D.C. No. CV–00–20701–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided March 11, 2003.

Before BEEZER, THOMAS and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Rex Jackson brought suit to recover severance benefits allegedly owed to him under the terms of a Retention and Severance Plan entered into with his employer, Defendant–Appellee Ad-Force, LLC, in anticipation of a merger with CMGI, also a Defendant–Appellee. Because the parties are familiar with the facts, they are not recited here. Both sides moved for summary judgment. The district court granted summary judgment in favor of Defendants. We reverse on the ground that there appears to be a genuine issue of material fact.

Jackson alleges that the district court erred in considering evidence provid-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed by Defendants that had not been included in the "administrative record." The district court's decision to consider evidence beyond the administrative record is reviewed for abuse of discretion. *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1091 (9th Cir.1999) (en banc), *cert. denied*, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999). The district court is afforded wide discretion in determining whether it should consider evidence beyond the administrative record. *See Mongeluzo v. Baxter Travenol Long Term Disability Plan*, 46 F.3d 938, 943–44 (9th Cir. 1995). The consideration of such evidence was appropriate here.

Jackson also argues that the district court erred in granting Defendants' motion for summary judgment and in denying Jackson's motion. The district court's grant of summary judgment is reviewed de novo. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999). In hearing a motion for summary judgment, all reasonable inferences are to be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The dispute here appears to revolve around the meaning of one provision in the Plan: whether the change after the merger in Jackson's "role, responsibilities or duties ... is solely attributable to the change in [AdForce's] status from that of an independent company to that of a subsidiary of [CMGI]." Both sides argued to the district court that the provision was unambiguous, but they offered two alternative interpretations of it. Defendants maintained that the provision excluded all changes that were a "but for" result of the acquisition—that the provision excluded all changes in Jackson's responsibilities that resulted because of the merger and which would not have been imposed "but for" the

fact that AdForce had become a subsidiary of CMGI. The district court appeared to adopt that interpretation, placing emphasis on Jackson's statement that he did not believe that he had been singled out for "different" treatment than the general counsels of other CMGI subsidiaries. In contrast, Jackson argued that this language was intended to exclude only those changes that "necessarily and unavoidably" flowed from AdForce's new status as a subsidiary, not those resulting because CMGI operated and organized responsibilities in a different way. Jackson cited evidence to support his argument that Defendants' broader reading of the exception was inconsistent with the purpose of the Plan and would negate its intended protection. Drawing all reasonable inferences in favor of Jackson, as we must, we cannot say that Jackson's interpretation was untenable. "[A] term is ambiguous if it is subject to reasonable alternative interpretations." *Vizcaino v. Microsoft Corp.*, 97 F.3d 1187, 1194 (9th Cir.1996) (citation omitted). Such ambiguity in the key provision of the Plan made summary judgment inappropriate. "Summary judgment should be entered only if the pertinent provisions of the contractual documents are unambiguous; it is the lack of ambiguity within the express terms of the contract that forecloses any genuine issues of material fact." *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1389 (9th Cir.1993) (internal quotation marks and citation omitted).

The district court's grant of summary judgment in favor of Defendants is REVERSED, and the case is REMANDED for further proceedings. Each party is to bear its own costs.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. Summary judgment is appropriate when the parties disagree solely about the interpretation of the contract terms. *Continental Ins. Co. v. Metro–Goldwyn–Mayer*, 107 F.3d 1344,

1346 (9th Cir.1997). In this case, the district court faced neither allegations of ambiguity nor the possibility that additional evidence would assist contract interpretation. As the district court quite properly noted, the parties agreed that "the relevant Clause in the Plan, which is in dispute, is unambiguous and should be construed as a matter of law."

Of course, each party urges a different interpretation of the contract. However, that neither proves the clause ambiguous, nor does it create a genuine issue of material fact. The resolution of this case depends entirely on the application of law to the undisputed facts. On that question, I agree entirely with the analysis contained in the district court's well reasoned opinion.

I would affirm the judgment of the district court.